UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| *Zurich American Insurance Company,* a corporation duly organized and existing under the laws of the State of New York, with a principal place of business in Schaumburg, Illinois, <br><br> and <br><br> *Maryland Casualty Company,* a corporation duly organized and existing under the laws of the State of Maryland, with a principal place of business in Schaumburg, Illinois, <br><br> *Plaintiffs,* <br><br> v. <br><br> *Prime Tanning Co., Inc.,* a corporation duly organized and existing under the laws of the State of Maine, with a principal place of business in Hartland, County of Somerset, State of Maine, <br><br> *Defendant.* | CIVIL ACTION NO.: |

## COMPLAINT

COME NOW Plaintiffs, Zurich American Insurance Company ("ZAIC") and Maryland Casualty Company ("Maryland Casualty") (referred to collectively as the "Plaintiffs") by and through counsel, and complain against Defendant, Prime Tanning Co., Inc. ("Prime Tanning") as follows:

## PARTIES

1. ZAIC is the successor to Valiant Insurance Company with respect to the insurance policies at issue in this litigation. ZAIC is a corporation duly organized and existing under the

1

laws of the State of New York with a principal place of business in Schaumburg, Illinois. It is authorized to transact business and has transacted business in the State of Maine.

2. Maryland Casualty is a corporation duly organized and existing under the laws of the State of Maryland with a principal place of business in Schaumburg, Illinois. It is authorized to transact business and has transacted business in the State of Maine.

3. Prime Tanning is a corporation duly organized and existing under the laws of the State of Maine with a principal place of business in Hartland, County of Somerset, State of Maine.

### JURISDICTION

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

### FACTUAL ALLEGATIONS

5. Plaintiffs issued worker's compensation insurance policies to Prime Tanning covering the time period July 1, 1990 to July 1, 1992 ("the Policies"). The Policies included "Retrospective Premium Endorsements" which provided that the premium for those Policies would be subject to a retrospective rating and a retrospective premium adjustment based upon claims made and losses incurred under those Policies.

6. In connection with the purchase of the Policies, Prime Tanning agreed to pay retrospective premium adjustments calculated in accordance with the formula set forth in the Retrospective Premium Endorsements in the Policies.

7. In or about late 2007 or early 2008, the Plaintiffs invoiced Prime Tanning $124,199.00 for a retroactive premium adjustment under the Policies in accordance with the retrospective rating and premium adjustment formula contained in the Polices. Prime Tanning has refused and continues to refuse to pay the retrospective premium adjustment due and owing under the Policies in violation of its obligations under the Policies.

## COUNT I – BREACH OF CONTRACT

8. Plaintiffs repeat and reallege the allegations contained in ¶ 1 through and including ¶ 7 as though fully set forth herein.

9. Prime Tanning's failure to pay the retrospective premium adjustment under the Policies constitutes a breach of its contractual obligations under the Policies.

10. As the direct and proximate result of such breach of contract, the Plaintiffs have been damaged in the amount of $124,199.00.

## COUNT II – UNJUST ENRICHMENT

11. The Plaintiffs repeat and reallege the allegations contained in ¶ 1 through and including ¶ 10 as though fully set forth herein.

12. Prime Tanning has been unjustly enriched in the amount of $124,199.00 as the result of receiving worker's compensation insurance coverage for which it has failed to pay the full premium that it was obligated to pay for such coverage.

WHEREFORE, Plaintiffs pray for judgment against Prime Tanning in the amount of $124,199.00 plus interest and costs.

DATED this 26th day of August, 2010.

                        /s/ Michael A. Nelson
Michael A. Nelson, Esq., ME Bar #2213
Attorney for Plaintiffs
JENSEN BAIRD GARDNER & HENRY
10 Free Street
P.O. Box 4510
Portland, ME 04112-4510
(207) 775-7271
mnelson@jbgh.com